IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | B-02-100 |
| | § | |
| | § | |
| vs. | § | Case No. 1:00CR00104-001 |
| | § | |
| | § | |
| Alfredo Quinones-Mondragon | § | |

PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255 AND MEMORANMUM
OF LAW IN ITS SUPPORT

COMES NOW, Petitioner Alfredo Quinones-Mondragon, pro-se, and petitions the court to vacate, set aside or correct Petitioner's sentence in the above styled case.

## JURISDICTION

Jurisidiction is invoked upon the honorable court pursuant to 28 U.S.C. § 2255.

## PROCEDURAL HISTORY OF THE CASE

The petitioner was indicted by grand jury in the Southern District of Texas on February 23, 2000 on one count of violating 8 U.S.C. § 1326(a) and 1326(b).

On March 23, 2000 petitioner pled guilty to the indictment before the Honorable Felix Recio, U.S. Magistrate Judge, Brownsville, Texas, and on June 23, 2000 the court sentenced Petitioner to serve eighty-six months in the custody of the Bureau of Prisons, followed by a three-year term of supervised release. The court did not impose a fine, but did impose a $100.00 special assessment.

1

Petitioner timely filed notice of appeal. On February 15, 2001, the United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence. **United States v. Alfredo Quinones-Mondragon.**

Petitioner timely filed a Writ of Certiorari to the United States Supreme Court, and on June 4, 2001 the Supreme Court denied Certiorari. Therefore petitioner's petition under **28 U.S.C. § 2255** is timely.

## STATEMENT OF FACTS

Petitioner's indictment charges him as an alien who had previously been denied admission, excluded, deported, and removed, knowingly and unlawfully was present in the United States having been found in Cameron County, Texas, the said defendant having not obtained consent of the Attorney General of the United States for reapplication by the defendant for admission into the United States, all in violation of **Title 8 U.S.C. § 1326(a) and 1326(b).**

After Petitioner pled guilty on the charged indictment, the probation officer submitted his report and arbitrarily applied **8 U.S.C. § 1326(b)(2)** for the purpose of sentencing enhancement and judge **Hilda G. Tagel** U.S. District Judge accepted the recommendations by the probation department and sentenced petitioner to **86 months** of incaceration with the B.O.P. based on the violation of **8 U.S.C. § 1326(a)(2) and 1326(b)(2).**

Petitioner claims that the U.S. Attorney **Mervyn M. Mossbacker,** AUSA **Jeffery A. Babcock,** and the probation officer conspired and interpreted the definition of **8 U.S.C. § 1326(a)**

2

and 1326(b) into 8 U.S.C. § 1326(a)(2) and 1326(b)(2) without furnishing any support to their arbitrary construction of a federal statute and broadening of the indictment by adding aggravated felony conviction in their representation to the Appellate Court while the element of aggravated felony conviction in not found in the indictment issed by grand jury. [1]/

At sentencing, the District court accepted the recommendations made by the probation department within the statutory provision of 8 U.S.C. § 1326(b)(2) and enhanced petitioner's sentence by 16 **levels** under **U.S.S.G.** § 2L1.2(b)(1)(A).

The facts outlined herein raise questions pertaining to, (1) Whether the indictment failed to charged the offense, and (2) Whether sufficient factual basis existed for the District Court to accept the guilty plea.

## (1) <u>WHETHER THE INDICTMENT FAILED TO CHARGE THE OFFENSE?</u>

### FACTS OF THE ISSUES

The indictment issued on February 23, 2000, has accused petitioner of violating **8 U.S.C. § 1326(a) and (b)**, but without specifying whether the petitioner violated **8 U.S.C. § 1326(a)(2)** and **8 U.S.C. § 1326(b)(2)** both without outlining the facts that he was previously deported subsequent to an aggravated felony conviction.

<u>foot note</u>/

**[1]/ The petitioner is gravely concerned about the U.S. Attorney, AUSA, and probation officers mis-representation of 8 U.S.C. § 1326(a) and (b) into 8 U.S.C. § 1326(a)(2) and (b)(2) and inclusion of the facts not found in the indictment.**

## STANDARD OF REVIEW

"The indictment or the information shall be plain, concise and definite written statement of the essential facts  constituting the offense charged". **Rule 7 (c)(1) of the Federal Rules of Criminal Procedure.**

"The starting place for any determination of whether the charged conduct is proscribed by **[by criminal]** statute is a reading of the language of the charging instrument and statute itself". **U.S. v. Morales-Rosales, 838 F.2d 1359, 1361 (5th Cir. 1988).**

"An information that fails to allege each material element of an offense fails to charge that offense". **U.S. v. London, 550 F.2d 206, 211 (5th Cir. 1977).**

In **U.S. v. Gayton, 74 F.3d 545 (5th Cir. 1996),** the court stated "the Sixth Amendment requires that an indictment **(1)** enumerate each prima facia element of the charged offense, **(2)** fairly inform the defendant of the charges filed against him, and **(3)** provides the defendant with a double jeopardy defense against further prosecution". **74 F.3d at 551 [4]. U.S. v. Arlen, 947 F.2d 139, 144 (5th Cir. 1991).**

In **U.S. v. Foley, 73 F.3d 484 (2nd Cir. 1996),** the court outlined that "in assessing whether the indictment charges an offense under the statutory provision alleged, we note it is generally sufficient that an indictment set forth the offense in the words of statute itself, as long as those words of themselves, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be

4

punished". **73 F.3d at 488 [5,6]. Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974)** (quoting **U.S. v. Carll, 105 U.S. 611, 612, 26 L.Ed 1135 (1881).**

In **U.S. v. Cabrera-Terran, 168 F.3d 141 (5th Cir. 1990)**, the court states "An indictment's failure to charge an offense constitutes a jurisdictional, defect. Because an indictment is jurisdictional, defendant at any time may raise an objection to the indictment based on its failure to charge an offense, and the defect is not waived by a guilty plea". **168 F.3d at 143 [1-5], see also Rule 12(b)(2)** of the Federal Rules of Criminal Procedure.

In **U.S. v. White, 258 F.3d 374 (5th Cir. 2001)**, the court states "It is well settled that entry of a guilty plea does not act as a waiver of jurisdictional defects such as an offense and that the defendant may raise such failure at any time". **258 F.3d at 379 [1-5], U.S. v. Meecham, 626 F.2d 503, 510 (5th Cir. 1980).**

## DISCUSSION

To be sufficient, an indictment must allege each material element of the offense and if it does not, it fails to charge the offense. This requirement stems directly from one of the central purpose of an indictment, to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense as required by the Fifth Amendment, **Cabera-Terran, 168 F.3d at 143,** and whereby the Sixth Amendment's requirement is that the indictment enumerates each prima facie element of the charged offense and fairly informs the defendant of the charges filed against him. **74 F.3d at 551.**

5

In Petitioner's case, the indictment charges him of violating 8 U.S.C. 1326(a) and 1326(b), but without outlining whether the petitioner is subject to 8 U.S.C. § 1326(a)(2) and 8 U.S.C. § 1326(b)(2) of the statute for re-entry of removed aliens, while 8 U.S.C. § 1326(a) refers to re-entry of an alien and outlines in pertinent: "That any alien who (1) has been denied admission, exclusion, deported or has departed United States-------and thereafter (2) enters, attempts to enter, or is at anytime found in, the United States, unless (A) prior to his re-embarkation at a place outside United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's re-applying for admission, or (B) with respect to an alien previously denied admission and removed, unless such alien had established that he was not required to obtain such advance consent under this chapter or any other prior Act, shall be fined under Title 18 or imprisoned not more than 2 years or both".

8 U.S.C. § 1326(b)(2) referring to criminal penalties for re-entry of certain removed aliens, it outlines in the case of an alien described in such subsections and states in pertinent "that whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years or both".

The reading of the indictment in Exhibit 1 (copy of the indictment) outlines violation of 8 U.S.C. § 1326(a) and § 1326(b) which refers to the general statute for re-entry of removed aliens and criminal penalties for renetry of certain

6

removed aliens and has subsections **(a)(1)(2)**, **(b)(1)(2)(3)(4)**, **(C)** and **(d)(1)(2)(3)** for different sets of violations pertaining to re-entry of removed aliens.

In petitioner's case, the indictment sets forth the offense of re-entry with the statutory provision of **8 U.S.C. § 1326(a) and § 1326(b)** in general for the purpose of defining petitioner's offense in statutory terms without the support of any subsections of the statute and therefore fails to set forth all the elements necessary to constitute the offense intender to be punished by the application of the statutory provision of **8 U.S.C. § 1326.** For instance the punishment intended under **8 U.S.C. § 1326(a)(2)** is a fine and imprisonment of not more than **2 years** or **both,** under **8 U.S.C. § 1326(b)(2),** the punishment is a fine and imprisonment of not more than **20 years** or **both,** while re-entry of an alien deported subsequent to an aggravated felony conviction is the salient issue under **8 U.S.C. § 1326(b)(2).**

The indictment defines petitioner's violation by simply citing **8 U.S.C § 1326(a)** and **§ 1326(b)** in general without sufficient precision and thus prejudiced his guilty plea negotiations. The indictment clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by grand jury, **U.S. v. Walsh, 194 F.3d 37 (2nd Cir. 1999) at 45,** whereby in petitioner's case, the prosecution was aware of the missing elements in the indictment and he simply filled in the gaps by interpreting **8 U.S.C. § 1326(a)** and **§ 1326(b)** into 8

7

U.S.C. § 1326(b)(2) for the purpose of negotiating a guilty plea and enhancing his sentence by **16 levels** pursuant to **8 U.S.C. § 1326(b)(2)**, knowing fully well that the fact of aggravated felony conviction was absent and not considered by the grand jury and **8 U.S.C. § 1326(b)(2)** was therefore not applicable within the confines of the indictment.

Likewise, Sixth Amendment requires that the indictment enumerate each prima facia of the charged offense and fairly inform the defendant of the charges filed against him, **U.S. v. Gayton, 74 F.3d at 551,** and it is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty of ambiguity, set forth all the elements to constitute the offense, **Hamling v. United States, 418 U.S. at 117,** and when, however, one element of the offense is implicit in the statute, rather than explicit, and the indictment tracks the language of the statute and fails to allege implicit element explicitly, the indictment fails to allege the offense. **United States v. Carll, 105 U.S. at 613.**

In petitioner's case, violation of **8 U.S.C. § 1326(a) and § 1326(b)** does not define the elements of the offense by itself. The element of the offense are implicit in different subsections of **8 U.S.C. § 1326,** such as **8 U.S.C. § 1326(a)(2) and (b)(2),** and these subsections are absent in the indictment and as a result, the indcitment had simply tracked the language of the statute in general but has failed to enumerate explicitly the elments of the offense implicit within the statutory provision of

8

U.S.C. § 1326 in violation of the Sixth Amendment of the
Constitution for the United States of America.

**CONCLUSION**

For the foregoing reasons, the petitioner concludes that
the indictment has failed to charge the offense in his case.
The indictment charges petitioner inviolation of **8 U.S.C. §
1326(a) and § 1326(b)** in general but fails to outline the
elements of the offense defined by different subsections of **8
U.S.C. § 1326** inviolation of the Fifth and Sixth Amendment to the
Constitution for the United States of America, and therefore,
requests the court to set aside judgment of this court based on
the failure of indictment to charge the offense.

**(2) WHETHER SUFFICIENT FACTUAL BASIS EXISTED FOR THE
DISTRICT COURT TO ACCEPT THE GUILTY PLEA?**

**FACTS OF THE ISSUE**

On March 23, 2000, the petitioner pleaded guilty under **Rule
11** of the Federal Rules of Criminal Procedure[2] with the assistance
of his court appointed counsel to the charge contained in the
indictment. During the guilty plea hearing, the District Court

**foot note/**

[2] Rule 11 provides in pertinent part: "Before accepting a plea
of guilty or nolo contendere, the court must address the
defendant personally in open court and inform him of, and
determine that he understands the following: (1) the nature of
the charge to which the plea is offered, the mandatory minimum
penalty provided by  law, if any, and the maximum possible
penalty provided by law, including the effect of any special
parol term----".

9

establish the factual basis of the guilty plea under **8 U.S.C. § 1326(b)(2)** and advised petitioner that one count indictment in his case carried a maximum term of imprisonment of **20 years**, a maximum fine of **$250,000** and a **$100.00** special assessment. [3]

## STANDARD OF REVIEW

In **U.S. v. Johnson, 194 F.3d 657 (5th Cir. 1999)**, the court outlined that a trial court can not accept a guilty plea unless there is a sufficient factual basis for that plea under **Rule 11** of the Federal Rules of Criminal Procedure. The purpose of this rule is to protect a defendant who pleads with an understanding of the charge but "without realizing that his conduct does not actually fall within the definition of the crime charged". **194 F.3d at 660.**

The prosecution must present evidence to the subjective satification of the District Court which indicates that the defendant actually committed the offense to which he is pleading guilty. **U.S. v. Antone, 753 F.2d 1301, 1305 (5th Cir. 1980).**

The factual basis must be evident in the record and must be sufficiently specific to allow the court to determine whether the defendant's conduct was within the ambit of statute's prohibitions. **U.S. v. Carter, 117 F.3d 262, 264 (5th Cir. 1997), U.S. v. Gobert, 139 F.3d 436, 439 (5th Cir. 1998).**

**foot note/**

[3] The facts pertaining to the guilty plea hearing and judge's admonishment of a maximum imprisonment term of 20 years are taken as being factual from the (PSR) submitted by the probation department and accepted by petitioner's court appointed attorney.

In the case of **U.S. v. Angeles-Mascote, 206 F.3d 529 (5th Cir. 2000),** the court outlined that sufficiency of guilty plea first time on appeal will be reviewed for plain error and will be reviewed for plain error and petitioner must show: **(1)** that there was error, **(2)** that error was clear and obvious, and **(3)** that it affected the petitioner's substantial rights. **206 F.3d at 530 [2-4].**

## DISCUSSION

The facts stipulated by the petitioner and presented by the prosecution as the basis of petitioner's guilty plea in violation of **8 U.S.C. § 1326 (b)(2)** do not support finding that petitioner violated **8 U.S.C. § 1326 (b)(2),** because the indictment has clearly accused petitioner of violating **8 U.S.C. § 1326(a) and § 1326(b)** and also lacks the element of aggravated felony conviction which is a pre-requisite under **8 U.S.C. § 1326(b)(2)** to be validly applicable within the statutory provisions of **8 U.S.C. § 1326.**

The prosecution has been aware of the fact that appellant did not violate **8 U.S.C. § 1326(b)(2),** knowing fully well that the element of aggravated felony conviction is absent in the indictment.

In petitioner's case, the District Court relied on the erroneous representations made by the prosecution and as a result, accepted petitioner's guilty plea for violation of **8 U.S.C. § 1326(b)(2)** and admonished him under **Rule 11(c)(1)** as to the maximum term of imprisonment of **20 years.**

11

As a result of District Court's acceptance of the facts not found in the indictment as the basis of guilty plea, the District Court committed a plain error in accepting petitioner's guilty plea. The factual basis as stipulated by the parties in the guilty plea failed to establish that petitioner violated **8 U.S.C. § 1326(b)(2)**.

## PLAIN ERROR ANALYSIS

In order to determine whether the District Court committed plain error in accepting his guilty plea for violation under **8 U.S.C. § 1326(a) and § 1326(b)**, the petitioner proceeds by way of plain error analysis.

The indictment clearly charges petitioner for violation of **8 U.S.C. § 1326(a) and § 1326(b)** but somehow, it changed into **8 U.S.C. § 1326(a)(2) and § 1327(b)(2)** by the time it was presented to the District Court for guilty plea hearing and whereby, the District Court failed to notice the difference and enhanced petitioner's sentence by **16 levels,** and accordingly sentenced him to eighty six **(86)** months of imprisonment and three years of supervisory release within the confines of **8 U.S.C. § 1326(b)(2)**.

## WHETHER THE ERROR AFFECTED PETITIONER'S SUBSTANTIAL RIGHTS?

Federal Rules of Criminal Procedure **52(b)** states that "plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court". This step is akin to the substantial rights analysis employed in preserved error cases under the harmless provision of Rule **52(a)**,

12

which provides that "any error which does not affect substantial rights shall be disregarded". To affect substantial rights an error must have affected the outcome of District Court's proceedings. **Olano, 507 U.S. at 734.**

In petitioner's case, the District Court accepted insufficient facts as the basis for the guilty plea in enhancing petitioner's sentence by **16 levels** under **8 U.S.C. § 1326(b)(2),** which did not comport with due process clause of the Fifth Amendment and equal protection of law, and thus the error clearly affected petitioner's substantial rights.

### PLAIN ERROR AFFECTED THE PUBLIC REPUTATION OF JUDICIAL PROCEEDINGS:

In petitioner's case, the District Court enhanced his sentence **16 levels** under **8 U.S.C. § 1326(b)(2)** without exercising its due dilligence as to the facts of the case. Had the District Court examined the indictment, it would have determined that it could not accept petitioner's guilty plea under **8 U.S.C. § 1326(b)(2)** and accordingly could not enhance his sentence by **16 levels** and such action undertaken by the District Court has seriously affected the public reputation of judicial proceedings. **U.S. v. Franks, 46 F.3d 402, 404 (5th Cir. 1995).**

### CONCLUSION

For the foregoing reasons, the petitioner concludes that trial court accepted the facts as the basis for the guilty plea which were not supported by the indictment. The court equally failed to examine the validity of these facts and accordingly

14

enhanced his sentence **16 levels** based on the facts not found in the indictment.  The actions undertaken by the District Court in this  instance have affected petitioners substantial rights and public reputation of judicial proceedings.

The petitioner therefore respectfully requests the court to vacate, set aside or correct sentence based on the guilty plea accepted by the District Court with insufficient factual basis and as a result, a plain error committed by the District Court in this case.

Respectfully submitted,

Date: May  7, 2002

Place:  Beaumont, Texas

Alfredo Quinones-Mondragon
#64201-079
FCC-Medium
P.O. Box 26040
Beaumont, Texas 77720

15

## CERTIFICATE OF SERVICE

I, Alfredo Quinones-Mondragon hereby certifies that on May 7, 2002 AD, he sent a copy of the § 2255 motion by certified mail with a return receipt 7099 3400 0016 2532 3567 requested to the office of the clerk, with a copy to the U.S. Attorneys office.

        E. Michael Rodriguez
        Assistant U.S. Attorney
        600 E. Harrison St. #201
        Brownsville, Texas 78520

The undersigned affirms under penalty of perjury that the foregoing is true and correct.

                                by

Beaumont, Texas                 Alfredo Quinones-Mondragon

Dated: May  7, 2002

E X H I B I T

1

COPY OF THE INDICTMENT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 1 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| vs | § | CRIMINAL NO.   B - 0 0 - 1 0 4 |
| ALFREDO QUINONES-MONDRAGON   § | | |
| AKA: HERIBERTO CONTRERAS-GONZALEZ | | |

## I N D I C T M E N T

THE GRAND JURY CHARGES:

On or about February 23, 2000, in the Southern District of Texas and within the

jurisdiction of the Court, Defendant

**ALFREDO QUINONES-MONDRAGON,**
**AKA: HERIBERTO CONTRERAS-GONZALEZ**

an alien who had previously been denied admission, excluded, deported, and removed,

knowingly and unlawfully was present in the United States having been found in

Cameron County, Texas, the said defendant having not obtained the consent of the

Attorney General of the United States for reapplication by the defendant for admission

into the United States.

In violation of Title 8, United States Code, Section 1326(a) and 1326(b).

A TRUE BILL:

_Jose R. Montag_
FOREMAN OF THE GRAND JURY

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

_Rian do lane FOR:_
E. MICHAEL RODRIGUEZ
Assistant United States Attorney

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _Lourdes Mardes_
Deputy Clerk

*30*