5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 5 2002

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA, §
Respondent-Plaintiff §
§
v. § CR B-00-104-01
§
ALFRED QUINONES-MONDRAGON §
a/k/a/ Heriberto Contrereas-Gonzalez, §
Petitioner-Defendant §
(CA B-02-100) §

GOVERNMENT'S ANSWER AND MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT TO QUINONES' PLEADING FILED MAY 13, 2002

1.

The court ordered the government to respond to Quinones' motion to vacate sentence under 28 U.S.C. § 2255, filed May 13, 2002, by August 5, 2002. The government moves to dismiss and, in the alternative, moves for summary judgment.

2.

Quinones was indicted on March 14, 2000 in the Southern District of Texas, Brownsville Division, in CR B-00-104, and charged with unlawfully being present on February 23, 2000, after having been previously been denied admission,

excluded, deported and removed, in violation of 8 U.S.C. §1326(a, b) (Doc. 1). No challenge or objection to the indictment was raised.

Quinones consented to the administration of his rights under Fed. R. Crim. P. 11 before a magistrate judge, the Honorable Felix Recio, on March 23,, 2000 (Docs. 4, 5; Rearraignment transcript, pp. 9-14). He entered a guilty plea to the indictment on the same date in conformance with an oral plea agreement. In exchange for his voluntary and knowing guilty plea to the indictment, the government agreed to recommend a three-level downward adjustment for timely acceptance of responsibility and that he be sentenced at lowest end of the applicable guideline range (Doc. 5; Rearraignment transcript, pp. 17-24).

The probation department scored Quinones at base offense level 8 under USSG §2L1.2, increased by 16 levels as a result of a prior felony conviction in Texas for possession of marihuana and a prior alien transportation conviction in the Southern District of Texas. The state conviction was obtained on February 2, 1993, and the alien transportation conviction followed, resulting in Quinones' deportation on September 7, 1993. Hence, his adjusted offense level was calculated at level 24. A three-level downward adjustment for timely acceptance of responsibility concluded in a total offense level of 21. His extensive criminal history resulted in

16 countable points and a criminal history category of VI, bearing a punishment range of 77 to 96 months imprisonment (PSR, ¶¶2-54).

Quinones did not object to the PSR or to the magistrate court report or the PSR (Sentencing transcript, p. 2). At sentencing held on June 23, 2000, the court adopted the magistrate court report and accepted Quinones' guilty plea (Docs. 7, 11-12; Sentencing transcript, pp. 2-3). The court also adopted the PSR (Doc. 12; Doc. 14, p. 08). The court sentenced him to 86 months imprisonment followed by a three-year supervised release term. He was also ordered to pay $100 in a mandatory cost assessment (Docs. 12, 14; Sentencing transcript, pp. 2-6). He unsuccessfully appealed. *United States v. Quinones-Mondragon*, no. 00-40738 (5th Cir. February 15, 2001). The mandate issued March 9, 2001 (Doc. 18). He unsuccessfully sought petition for writ of *certiorari* in the Supreme Court (Doc. 20).

On March 13, 2001, Quinones filed the instant §2255 motion (Doc. 21). The government moves for dismissal or, in the alternative, summary judgment.

3.

The government denies each and every allegation of fact made by Quinones, except those supported by the record and those specifically admitted herein, and demands proof thereof.

4.

## ALLEGATIONS

Quinones identifies two grounds for review. First, he argues that the indictment was deficient for failing to allege the particular subsection of §§ 1326(a) and 1326(b) to adequately provide notice of his prior felony conviction offense. He claims the omission of those subsections were necessary to allege all elements of the offense. Second, he argues that an inadequate factual basis to support his guilty plea was presented during the plea colloquy. Although recognizing that he was admonished that he could receive a maximum 20 year sentence (*see* Rearraignment proceeding, p. 19), he argues that the factual basis did not include the allegation of § 1326(b)(2) to justify his subsequently-imposed sentence.

5.

## Summary of Facts

Quinones did not challenge the factual basis or adequacy of the factual basis on his direct appeal. The record reflects that Quinones was born in Veracruz, Mexico on February 17, 1968. His alien registration number is A72406141. He is the father of three children, Mirna Quinones-Espinosa (who resides with her mother in Honduras) and Jorge Vido-Quinones and Evelin Vido-Quinones (who reside with their mother in Houston, Texas) (PSR, ¶¶ 40-43). Following his conviction for

possession of marihuana in case no. 1992-C-2000 in Panola County, Texas, Quinones was convicted of transporting aliens in the McAllen Division of the Southern District of Texas and deported to Mexico on September 7, 1993. He returned unlawfully and was deported again and returned. He was convicted of transporting an alien in the Western District of Arkansas on May 19, 1994, and subsequently deported on March 14, 1995. He returned again and committed a sundry offenses before he was convicted of misdemeanor illegal entry in the Southern District of Texas on January 19, 2000 (PSR, ¶¶ 4-48; Rearraignment proceeding, pp. 22-23, 42-44). On February 23, 2000, border patrol agents found Quinones near the Rio Grande river after entering the United States illegally and after having been previously deported on several occasions (PSR, ¶¶ 4-7; Rearraignment proceeding, pp. 43-44). Quinones admitted that he did not have permission or consent to return to the United States when that he crossed back into the United States unlawfully (Rearraignment proceeding, pp. 42-44).

6.

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §2255 (eff. April 24, 1996). Quinones is currently incarcerated an United States Bureau of Prisons facility in Beaumont, Texas. He seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2255 from his conviction in the Houston

Division of the Southern District of Texas. A § 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted). Relief under a §2255 motion "is warranted for errors that occurred at trial or sentencing." *Id.* He seeks relief from his conviction and sentence, and the relief sought under § 2255 is appropriate .

The four grounds justifying relief under 28 U.S.C. § 2255 are (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack". 28 U.S.C. § 2255 (2000). Thus motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999)(citations omitted); *see Davis v. United States*, 417 U.S. 333, 346 , 94 S.Ct. 2298, 2305 (1974); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471 (1962).

A "'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 233 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*,

456 U.S. 152, 167-168, 102 S.Ct. 1584, 1594 (1982)). Once the direct review process has been terminated, a presumption of finality attaches and the conviction is reviewable only on issues of constitutional or jurisdictional magnitude. *Shaid*, 937 F.2d at 232 (citing *Hill*, 368 U.S. at 428, 82 S.Ct. at 471). If a claim of constitutional or jurisdictional dimension is raised, it is reviewable for the first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice. *Id.* On the other hand, "[n]onconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994).

To obtain post-conviction relief in a collateral attack, a defendant must show either (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see Frady*, 456 U.S. at 167-68, 102 S.Ct. at 1594, or (2) that he is actually innocent. *Shaid*, 937 F.2d at 232. "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder] would have convicted him." *Id.* (citations and quotations omitted).

7.

The pleading is timely. Quinones had one-year from the date his conviction was final to file a §2255 motion, or one-year following the denial of his petition for writ of *certiorari*. *See United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000); *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001); *see also United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *but see and compare Gendron v. United States*, 154 F.3d 672, 674 (7th Cir. 1998)(holding that limitations period under § 2255(1) runs from date of issuance of appellate court mandate where no further direct review is sought); *United States v. Torres*, 211 F.3d 836, 838 (4th Cir. 2000)(same). Quinones filed the instant pleading on May 13, 2002. The petition is timely.

8.

Quinones' arguments were raised and rejected in a nearly identical manner on direct appeal. Quinones is not be permitted to relitigate the issue under the guise of a different contentions that are identical to the claim raised and rejected on direct appeal. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997) (holding that a substantive issue is barred from review on collateral attack if it has already been raised and rejected on direct appeal) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)).

The entry of a voluntary guilty plea waived any prior constitutional defects that were not been preserved by a conditional plea. *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762 (1989)("[W]hen the judgment of a conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule foreclose the collateral attack."); *see Tollett v. Henderson* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973); *Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886 (1975); Hence, an "intentional relinquishment or abandonment of a known right or privilege", such as flight and failure to report to prison–even after entering into a **conditional plea**, precludes review of a Fourth Amendment claim. *See United States v. Glomb*, 877 F.2d 1, 3 (5th Cir. 1989).

Here, Quinones did not file a pretrial motion to dismiss or suppress based upon outrageous government misconduct under Fed. R. Crim. P. 12(b)(1-3).*See Davis v. United States*, 411 U.S. 233, 239-40, 93 S.Ct. 1577, 1581-82 (1973)(noting where procedural waiver of constitutional claim due to an absence of timely preservation of the issue contrasts with circumstance where preserved issue was not raised on direct appeal); *United States v. Borrego*, 885 F.2d 822, 824 n.1 (11th Cir. 1989)(procedural waiver of claim occurred where no pretrial motion filed in

conformance with Fed. R. Crim. P. 12(b))(citing *United States v. Ahumedo-Avendano*, 872 F.2d 367, 372 (11th Cir. 1989)(same). Instead, Quinones negotiated a desirable settlement of the charges against him. He did not enter into a conditional plea. He did however enter into a counseled, valid, nonbinding guilty plea to the indictment. The constitutional challenge of lack of notice in the indictment was waived. Moreover, any alleged absence of an element of the offense, such as the sentencing enhancement, did not have deprive the court of jurisdiction. *See United States v. Longoria*, 2002 WL 1491784 *4 & n.3 (5th Cir. July 12, 2002)(*en banc*) (citing *United States v. Cotton*, 122 S.Ct. 803 (2002)). The indictment sufficiently alleged an 8 U.S.C. § 1326 offense, and the court lawfully imposed a punishment under § 1326(b)(2). *See Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).

Quinones did not directly challenge the voluntariness of the guilty plea. His guilty plea waived any alleged due process violation under the Fifth or Fourteenth Amendment for government conduct antedating the plea. *See, e.g., United States v. Montilla*, 870 F.2d 549, 552-53 (9th Cir. 1989) (in case involving direct appeal, Court held that guilty plea waived right to raise due process claim under theory of alleged outrageous government misconduct). Under these circumstances, the claimed violation of the Constitution is not reviewable. *See Davis v. United States*,

411 U.S. 233, 93 S.Ct. 1577 (1973)(involving a collateral attack on a conviction based upon a first time claim of racial discrimination in the composition of a grand jury); *United States v. Frady*, 456 U.S. 152, 167-168, 102 S.Ct. 1584, 1594 (1982)(cause and prejudice standard of review); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998)(where issue was preserved in pretrial motion and motion to suppress prior to entry of guilty plea, but guilty plea was not conditional plea and no appellate issue was raised concerning Fourth Amendment claim, issue not reviewable based upon unconditional guilty plea)(citing *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998)); *see and compare Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574 (1986)(holding that *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037 (1976) did not bar Sixth Amendment claims). Furthermore, the entry of valid guilty plea waived any pre-rearraignment complaint concerning the adequacy of notice of the charges against him.

9.

With regard to the challenge to the factual basis supporting his guilty plea, Quinones did not raise the issue on direct appeal. He fails to overcome the cause and prejudice limitations to presenting an issue that could have been raised and was not in the direct appeal. *Shaid*, 937 F.2d at 232 (citing *Hill*, 368 U.S. at 428, 82 S.Ct. at 471). Additionally, Quinones' complaint does not present a constitutional

claim that is cognizable under § 2255. *See Frady*, 456 U.S. at 167-168, 102 S.Ct. at 1594.

In any event, an adequate factual basis to support his guilty plea was presented. The elements of the offense are (1) discovery in the United States; (2) of an alien; (3) who was deported from the United States; and (4) who reentered the United States without the permission of the Attorney General. *United States v. Corona-Garcia*, 210 F.3d 973, 980 (9th Cir.), *cert. denied*, 531 U.S. 898, 121 S.Ct. 231 (2000); *United States v. Campos-Asencio*, 822 F.2d 506, 508 (5th Cir.1987) (interpreting predecessor statute).

At rearraignment, Quinones was represented by counsel. This Court instructed the government to read the indictment to Quinones, and the Court and asked him if he was guilty of its charge. Quinones responded intelligently and does not contend on appeal that he misunderstood the nature of the charge or that the indictment did not summarize the elements of the offense. The Court then immediately questioned Quinones as to the factual basis and the nature of the charge, and so determined that he understood it. The Court's colloquy with Quinones satisfied Rule 11(c)(1). *See, e.g., United States v. Bruce*, 976 F.2d 552, 560 (9th Cir. 1992); *United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir. 1983) (holding on a collateral attack that the district court's reading of a "detailed

indictment allowed [defendant], aided by his attorney and an interpreter, to understand the charges against defendant). No relief is warranted.

10.

No evidentiary hearing is necessary to resolve issues presented. *United States v. Samuels*, 59 F.3d 526, 530 & ns.16-17 (5th Cir. 1995)(citations omitted); *Bartholomew*, 974 F.2d at 41-42. Quinones alleges no facts which would be the proper subject of a motion to correct sentence, vacate the judgment, or which would warrant an evidentiary hearing under either 28 U.S.C. § 2255. Therefore, the government moves for dismissal, or in the alternative, summary judgment.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the government respectfully prays that Quinones' §2255 petition be dismissed, or in the alternative, denied by summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

JAMES L. TURNER
Chief, Appellate Division
Assistant United States Attorney

JEFFERY A. BABCOCK
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208-1129
Texas Bar No. 01481400
Federal Bar No. 9311
(713) 567-9201

CERTIFICATE OF SERVICE

I, Jeffery A. Babcock, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, August 5, 2002, addressed to:

Alfredo Quinones-Mondragon
No. 64201-079
FCI Beaumont Medium
PO Box 26020
Beaumont, TX 77720-6020

Jeffery A. Babcock
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Respondent-Plaintiff | §<br>§<br>§ | |
| v. | § | CR B-00-104-01 |
| ALFRED QUINONES-MONDRAGON<br>a/k/a/ Heriberto Contrereas-Gonzalez,<br>Petitioner-Defendant<br>(CA B-02-100) | §<br>§<br>§<br>§<br>§ | |

RECOMMENDED ORDER

The Court, having considered Quinones' petition and government answer, concludes that dismissal is warranted. Quinones' claims were raised and rejected on direct appeal. Quinones is not be permitted to relitigate the issue under the guise of a different contentions that are identical to the claim raised and rejected on direct appeal. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997) (holding that a substantive issue is barred from review on collateral attack if it has already been raised and rejected on direct appeal) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)). Dismissal is warranted.

DONE this _____ day of ____________, 2002 at Brownsville, Texas.

______________________________
UNITED STATES MAGISTRATE JUDGE