UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 1 2 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ALFRED QUINONES-MONDRAGON, Petitioner, | § § § |
| v. | § § § CIVIL ACTION NO. B-02-100 CRIMINAL NO. B-00-104-01 |
| UNITED STATES OF AMERICA, Respondent. | § § § |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Alfred Quinones-Mondragon has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

## BACKGROUND

On March 23, 2000, Petitioner pleaded guilty in accordancd with a plea agreement to illegal reentry after deportation, 8 U.S.C. § 1326(a) & (b). Quinones-Mondragon had previously been convicted of felony possession of marijuana in Texas and a prior alien transportation conviction in the Southern District of Texas. Petitioner received a 16-level increase in his guideline score for his prior aggravated felonies. After adjustments, his guideline level was 21 and he possessed a criminal history level of VI. Therefore, the applicable imprisonment range was from seventy-seven (77) to ninety-six (96) months. On June 23, 2000, the District Court sentenced Petitioner to seventy (86) months incarceration to be followed by a three-year supervised release term.

Petitioner Quinones-Mondragon filed an appeal with the Fifth Circuit Court of Appeals. On March 9, 2001, mandate issued from the Fifth Circuit which affirmed Petitioner's conviction and sentence. See United States v. Quinones-Mondragon, No. 00-40738 (5th Cir. Feb. 15, 2001). Petitioner also unsuccessfully sought a petition for writ of certiorari in the United States Supreme Court. On May 13, 2002, Petitioner filed this timely 28 U.S.C. § 2255 Application.

## ALLEGATIONS

Quinones-Mondragon claims he is entitled to relief for the following reasons:

1) He argues that the indictment was deficient for failing to allege the particular subsection of §§ 1326(a) and 1326(b). Specifically, Petitioner claims the indictment did not provide him notice of his prior felony conviction offense; and

2) He argues that an inadequate factual basis to support his guilty plea was presented during the plea colloquy. Specifically, Petitioner claims that he was admonished that he could receive a maximum 20 year sentence, but that the factual basis did not include the allegation of § 1326(b)(2) to justify his subsequently-imposed sentence.

## ANALYSIS

*Issue # 1*

Quinones-Mondragon's notice argument was raised and rejected in a nearly identical manner on direct appeal. Petitioner is not permitted to relitigate the issue under the guise of different contentions that are identical to the claim raised and rejected on direct appeal. See United States v. Rocha, 109 F.3d 225, 230 (5th Cir. 1997) (ruling that a substantive issue is

barred from review on collateral attack if it has already been raised and rejected on direct appeal). Nevertheless, this Court will address Petitioner's claims on the merits.

The entry of a voluntary guilty plea waived any prior constitutional defects that were not preserved by a conditional plea. See United States v. Broce, 488 U.S. 563, 569 (1989) (stating that "when the judgment of a conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule foreclose the collateral attack").

Quinones-Mondragon, in this case, did not file a pretrial motion to dismiss or suppress based upon government misconduct under Federal Rule of Criminal Procedure 12(b)(1-3). See Davis v. United States, 411 U.S. 233, 239-40 (1973). Not only did Petitioner fail to object to the allegedly faulty indictment, he negotiated a favorable settlement of the charges against him. He did not enter into a conditional plea, but he did enter into a counseled, valid guilty plea to the indictment. The constitutional challenge of lack of notice in this indictment was waived. Moreover, any alleged absence of an element of the offense, such as the sentencing enhancement, did not deprive the court of jurisdiction. See United States v. Longoria, 2002 WL 1491784 at *4 and n. 3 (5th Cir. July 12, 2002) (*en banc*) (citing United States v. Cotton, 122 S.Ct. 803 (2002)). The indictment sufficiently alleged an 8 U.S.C. § 1326 offense, and the court lawfully imposed a punishment under § 1326(b)(2). See Apprendi v. New Jersey, 530 U.S. 466 (2000). Therefore, Petitioner Quinones-Mondragon is not entitled to relief on this claim.

### *Issue # 2*

Quinones-Mondragon did not directly challenge the voluntariness of his guilty plea.

Further, Petitioner fails to overcome the cause and prejudice limitations to presenting an issue that could have been raised, but was not, on direct appeal. See United States v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Additionally, Petitioner's complaint does not present a constitutional claim that is cognizable under 28 U.S.C. Section 2255. See United States v Frady, 456 U.S. 152, 167-68 (1982).

In any event, there was an adequate factual basis to support Quinones-Mondragon's guilty plea. The elements of the offense of which Petitioner was convicted are: 1) discovery in the United States, 2) of an alien, 3) who was deported from the United States, and 4) who reentered the United States without the permission of the Attorney General. See United States v. Campos-Asencio, 822 F.2d 506, 508 (5th Cir. 1987).

At rearraignment, Quinones-Mondragon was represented by counsel. The Court instructed the government to read the indictment to the Petitioner, and the Court asked Quinones-Mondragon if he was guilty of the charge. Petitioner responded affirmatively, and did not contend that he misunderstood the nature of the charge or that the indictment did not summarize the elements of the offense. The Court then immediately questioned Quinones-Mondragon as to the factual basis and the nature of the charge, and so determined that the Petitioner understood it. The Court's colloquy with Quinones-Mondragon satisfied Rule 11(c)(1). No relief is warranted on this claim.

## RECOMMENDATION

For the reasons discussed above, Petitioner's 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 12th day of August, 2002.

Felix Recio
United States Magistrate Judge