IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 3 2002

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| vs. | § | Case No. 1:00CR00104-001 |
| | § | CA B-02-100 |
| Alfredo Quinones-Mondragon | § | |

PETITIONER'S RESPONSE TO MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND GOVERNMENT'S RESPONSE TO HIS
PETITION FILED PURSUANT TO 28 U.S.C. § 2255

COMES NOW, petitioner Alfredo Quinones-Mondragon, pro-se, and responds to Magistrate Judge's report and recommendation and government's response to his petition filed pursuant to 28 U.S.C. § 2255.

## PROCEDURAL HISTORY OF THE CASE

On February 23, 2000, petitioner was indicted by the grand jury on one count in violation of 8 U.S.C. § 1326(a) and 1326(b).

On March 23, 2000, petitioner pled guilty to the charge in the indictment and sentenced to eighty six (86) months of imprisonment to be followed by a thirty six (36) months of supervisory release and $100.00 of special assessment.

Petitioner appealed his conviction and sentence which was affirmed by the Fifth Circuit Court of Appeals on February 15, 2001.

On June 4, 2001, the Supreme Court denied petitioner the Writ of Certiorari.

1

On May 7, 2002, petitioner filed his petition under 28 U.S.C. § 2255 and government filed its response brief on August 5, 2002 and Honorable Magistrate Judge **Felix Recio** filed his report and recommendation on August 12, 2002.

## STATEMENT OF THE FACTS

The indictment as shown in exhibit 1 charges petitioner in violation of 8 U.S.C. § 1326(a) and 1326(b).

The probation officer arbitrarily deleted violation of 8 U.S.C. § 1326(a) from his report and applied only the violation of 8 U.S.C. § 1326(b)(2) and accordingly Honorable Judge **Hilda G. Tagel** accepted probation officer's recommendation and sentenced petitioner to 86 months of incarceration with the B.O.P based on the violation of 8 U.S.C. § 1326(a)(2) and 1326(b)(2).

The petitioner's claim is based on the fact that U.S. Attorney **Mervyn M. Mossbacher**, AUSA **Jeffery A. Babcock** and the probation officer arbitrarily broadened the indictment by interpreting 8 U.S.C. § 1326(a) and 1326(b) into 8 U.S.C. 1326(a)(2) and 1326(b)(2) without furnishing any support for such actions undertaken by these individuals.

At sentencing, the district court accepted such an interpretation without factual findings and sentenced petitioner to 86 months of imprisonment within the sentencing provision of 8 U.S.C. § 1326(b)(2). Petitioner's sentence was enhanced by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A).

The petitioner raises two issues as to, **(1)** Whether the indictment failed to charge the offense? and **(2)** Whether sufficient factual evidence existed for the district court to accept the guilty plea?

## PETITIONER'S CLAIM OUTLINED IN (1) AND (2) ARE CONSTITUTIONALLY VALID UNDER 28 U.S.C. § 2255

Section 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice. U.S. v. Decoster, 624 F.2d 196, 207 (D.C. Cir. 1979).

In Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court reiterated the "established rule" regarding the circumstances under which a non-constitutional claim may be asserted collaterally: "Non-constitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings...Even those non-constitutional claims that could have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted "a fundamental defect which inherently result in a complete miscarriage of justice". [Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109, 119 (1974), quoting Hill v. United States, U.S. 424, 428, 82 S.Ct. 468, 471 L.Ed.2d 417 (1962), 428 U.S. at 477 n. 10.]

In case of Davis v. United States, the court citing Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed 1982 (1974), held "that a federal prisoner could not assert a non-constitutional claim on collateral attack if he had not raised it on appeal", and whereby in U.S. v. Timmreck, 441 U.S. 780, 783 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634, 638 (1979), the Supreme Court held that

3

formal violation of **Rule 11** of the Federal Rules of Criminal Procedure could have been raised on direct appeal and no reasons exist to allow collateral attack to do service for an appeal.

In **Cox v. Warden, Federal Detention Center, 911 F.2d 1111 (5th Cir. 1990),** the court stated "Relief under section 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing". 911 F.2d at 1113.

In **Pack v. Yusuff, 218 F.3d 448 (5th Cir. 2000),** the court stated "A section 2255 motion, by contrast, provides the primary means of collateral attack on federal sentence". 218 F.3d at 451.

In petitioner's case, the issues raised in (1) and (2) of his § 2255 are constitutionally cognizable, while in (1) the petitioner alleges the failure of the indictment in violation of his Fifth and Sixth Amendment rights and whereby in (2) the petitioner alleges the sufficiency of the factual basis for the guilty plea in violation of the due process clause of the Fifth Amendment.

### (1) THE ISSUE OF WHETHER THE INDICTMENT FAILED TO CHARGE THE OFFENSE

In response to petitioner's claim pertaining to failure of the indictment to charge an offense, the conclusions reached by Honorable Magistrate Judge **Felix Recio** in his report and recommendation and government's response are based on the following arbitrary assumptions that are not supported by the facts of the case.

(1) Petitioner's claim is nearly identical to his claim of prior felony conviction as an element of the indictment which he raised on direct appeal to the Fifth Circuit Court of Appeals and therefore petitioner's claim is barred by the collateral estoppel doctorine.

(2) Petitioner's counsel and voluntary guilty plea waived any prior constitutional defects in the indictment.

(3) Petitioner's failure to challenge the issue of defective indictment under **Rule 12(b)(1-3)** prior to his guilty plea constituted waiver of his right to raise the issue on collateral review.

(4) Petitioner's challenge to the defective indictment did not deprive the district court of its jurisdiction pursuant to **U.S. v. Cotton, 122 S.Ct. 803 (2000).**

(5) District Court's imposition of punishment for violation of § 1326(b)(2) was legal under **Apprendi v. New-Jersey, 530 U.S. 466 (2000).**

The arbitrary construction of the facts outlined in (1) to (5) herein for the purpose of justifying conclusions does not reflect the facts of petitioner's case.

### THE FACTS OF PETITIONER'S CASE:

The facts of petitioner's case are that the indictment charges him in violation of 8 U.S.C. § 1326(a) and § 1326(b), without specifying whether petitioner is subject to violation of 8 U.S.C. § 1326(a)(2) or 8 U.S.C. § 1326(b)(2).

8 U.S.C. § 1326(a) is comprised of subsections 1326(a)(1) and § 1326(a)(2) and whereby maximum penalty for violating section 1326(a)(2) is two (2) years of imprisonment.

5

8 U.S.C. § 1326(b) refers to certain removed aliens whose removal was subsequent to a conviction for aggravated felony and such alien shall be fined or imprisonment for not more than twenty (20) years or both.

8 U.S.C. § 1326(b) is comprised of subsections 1326(b)(1), 1326(b)(2), 1326(b)(3) and 1326(b)(4) for different sets of violation.

The indictment in petitioner's case charges him in violation of 8 U.S.C. § 1326(a) and § 1326(b) without any specificity to any subsection.

During petitioner's guilty plea negotations, the prosecutor arbitrarily without any supporting facts charged the statutory construction of the indictment from § 1326(a) and § 1326(b) to § 1326(b)(2) for the purpose of enhancing petitioner's sentence to eighty six (86) months and the sentencing court accepted such a statutory construction proposed by the prosecutor without the fact finding process.

### PETITIONER"S CLAIM OF FAILURE OF THE INDICTMENT TO CHARGE THE OFFENSE IS COGNIZABLE ON COLLATERAL REVIEW UNDER 28 U.S.C. § 2255.

Petitioner's claim of failure of the indictment to charge the offense is cognizable on collateral review under 28 U.S.C. § 2255 in this instance.

In petitioner's case, his court appointed attorney **Ms. Renata Gowie** raised the issue of illegal sentence based on failure of the indictment to allege prior aggravated felony conviction to justify enhancement pursuant to § 1326(b)(2).

Petitioner's claim of failure of the indictment to charge the offense reaches to the core of the constitutionality of the indictment and jurisdiction exercised by the district court during different phases of the proceedings and therefore, the issue of illegal sentence based on the elements of prior felony conviction in the indictment by his attorney on direct appeal to the appellate court is not even related[1] to petitioner's claim of failure of the indictment to charge the offense.

**Rule 7(c)(1)** of the Federal Rules of Criminal Procedure provides "The indictment or the information shall be plain, concise and definite written statement of the essential facts constituting the offense charged".

The Sixth Amendment requires that an indictment (1) enumerate each prima facie element of the charged offense, (2) fairly inform the defendant of the charges filed against him, and (3) provides the defendant with a double jeopardy defense against future prosecution. **U.S. v. Gaytan, 74 F.3d 545, 551 (5th Cir. 1996), U.S. v. Arlen, 947 F.2d 139, 144 (5th Cir. 1991). U.S. v. Russell, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).**

To be sufficient, an indictment must allege each material element of the offense, if it does not, it fails to charge that offense. **U.S. v. Deisch, 20 F.3d 139, 145-46 (5th Cir. 1994).**

---

foot note/

1/ In the report and recommendation, Honorable Magistrate Judge Felix Recio outined that petitioner's instant claim was nearly identical to the issue raised by his attorney on direct appeal and therefore procedurally barred on collateral review.

In **U.S. v. Meecham**, 626 F.2d 503 (5th Cir. 1980), the court stated "objection that indictment failed to charge an offense is not waived by guilty plea and an appellate court must notice a flaw even if the issue was raised neither in the district court nor on appeal". **626 F.2d at 509-10.**

In the case of **U.S. v. Cabrera-Teran**, 168 F.3d 141 (5th Cir. 1999), the court stated "An indictment's failure to charge an offense constitutes a jurisdictional defect. Because an indictment is jurisdictional, defendants at any time may raise an objection to the indictment based on its failure to charge an offense and the defect is not waived by guilty plea". **168 F.3d at 143 [1-4].**

In the case of **U.S. v. Prentiss**, 206 F.3d 960 (10th Cir. 2000), the court stated "the failure of the indictment to all the essential elements of an offense is a jurisdictional defect requiring dismissal, despite citation of the underlying statute in the indictment". **206 F.3d at 965 [4].**

In **Meecham, Supra**, the court stated that the language of **Rule 12(b)(2)** of the Federal Rules of Criminal Procedure requires that failure of indictment to charge an offense be noticed by district courts and appellate courts **sua sponte**.[2/] U.S. v. Shoup,

---

foot note/

2/ In the report and recommendation, Hon. Magistrate Judge Felix Recio concluded that petitioner's failure to challenge the issue of defective indictment under Rule 12(b)(1-3) prior to his guilty plea constituted waiver by the petitioner. The conclusion reached herein by Hon. Magistrate Judge Felix Recio is contrary to the conclusions reached by different circuit courts and the Supreme Court for the application of Rule 12(b)(2) to defective indictment. These courts have held that indictment's failure to charge an offense is a jurisdictional defect which can not be waived but shall be noticed by the courts at any time during the pendency of the proceedings.

608 F.2d 950, 960 (3rd Cir. 1979) (stating the general rule that courts must notice an indictment's defect in failing to charge a federal offense is jurisdictional).

In petitioner's case, the indictment charges him in violation of 8 U.S.C. § 1326(a) and § 1325(b) in general without any specificity and as a result, the indictment fails to inform him whether he is charged in violation of sections 1326(a)(1) or 1326(b)(2)[3] and or in violation of sections 1326(b)(1), 1326(b)(2), 1326(b)(3) and 1326(b)(4).

The facts outlined herein establish that failure of the indicmtent to charge an offense with specificity violated his Sixth Amendment right and likewise the indictment failed to fulfill the requirements of the Fifth Amendment ensuring that the grand jury only return an indictment when it finds probable cause to support the necessary elements of the crime and alleged violation of 8 U.S.C. § 1326(a) and § 1326(b) outlined in the indictment did not consitute the necessary element of a crime punishable by imprisonment.

For the foregoing reasons, petitioner's indictment is therefore defective and in violation of his Fifth and Sixth Amendment rights and constitutes a jurisdictional defect.

foot note/

3/ The prosecution arbitrarily decided that petitioner violated 8 U.S.C. § 1326(b)(2) in this instance but without furnishing any support in law to such an arbitrary construction of a federal statute.

## FAILURE OF THE INDICTMENT TO CHARGE AN OFFENSE CONSTITUTED A JURISDICTIONAL DEFECT

In petitioner's case, the indictment failed to charge an offense and thus constituted a jurisdictional defect.

In the case of **U.S. v. Foley, 73 F.3d 488 (2nd Cir. 1996)**, the court stated "in a criminal case, failure of the indictment to charge an offense may be treated as a jurisdictional defect". **73 F.3d at 488, U.S. v. Doyle, 348 F.2d 715, 718 (2nd Cir. 1965)**.

Likewise, in the case of **Cabrera-Teran, Supra, U.S. v. Prentiss, Supra** and dictates of **Rule 12(b)(2)** stipulate that failure of the indictment to charge an offense is a jurisdictional defect which may be raised at any time during the pendency of the proceedings.

In petitioner's case, the indictment has failed to charge an offense in violation of his Fifth and Sixth Amendment rights and thus constituted a jurisdictional defect and he is entitled to raise this issue any time during the pendency of the proceedings in his case.

## U.S. V. COTTON IS NOT APPLICABLE TO PETITIONER'S CASE

Recently, in the case of **U.S. v. Cotton, 122 S.Ct. 803 (2002)**, the Supreme court re-defined the jurisdictional nature of a defective indictment and over-ruled **EX-Parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed 849 (1887)** based on the new understanding of the jurisdictional nature of a defective indictment, especially in drug cases involving enhanced penalties based on the excess drug amounts not charged in the indictment. In such circumstances, the Supreme Court held that amounts of excess

10

drugs not charged in the indictment did not constitute a jurisdictional defect, instead, the court ruled that a plain error analysis was appropriate to challenge a defective indictment.

In petitioner's case, he claims that the indictment was defective because it failed to charge the offense and did not meet the requirements of **Rule 7(c)(1)** of the Federal Rules of Criminal Procedure while the violation of **8 U.S.C. § 1326(a)** and **§ 1326(b)** was not precise enough to be punishable by imprisonment.

On the contrary, in **U.S. v. Cotton, Supra,** the defendants were charged in violation of **21 U.S.C. § 846** and **§ 841** and these statutes were precise enough to inform the defendants that a probable cause existed to support the elements of a crime punishable by imprisonment and as a result, the issue of defective indictment based on indictment's failure to charge an offense was never challenged by the defendants.

At sentencing, the defendants were sentenced to enhanced punishment based on the excess drug amounts not contained in the indictment.

The Supreme Court in **Cotton** thus concluded that the indictment was not defective because it charged the offense correctly and grand jury established a proper cause for violation of **21 U.S.C. § 846** and **§ 841**, except the excess amounts of drugs not contained in the indictment and as a result, the district court was not deprived of its jurisdiction.

In petitioner's case, the indictment failed to charge the offense and thus constituted a jurisdictional defect and deprived

11

the district court of its jurisdiction.[4]

For the foregoing reasons, **U.S. v. Cotton, Supra**, is not applicable to justify district court's jurisdiction in petitioner's case.

### (2) WHETHER THE FACTUAL BASIS EXISTED FOR THE DISTRICT COURT TO ACCEPT THE GUILTY PLEA?

Petitioner signed a guilty plea under **Rule 11** of the Federal Rules of Criminal Procedure[5] with the assistance of a court appointed attorney.[6]

**foot notes/**

**4/** In the report and recommendation, Honorable Magistrate Judge Felix Recio concluded that defective indictment in petitioner's case did not deprive the district court of its jurisdiction pursuant to U.S. v. Cotton, 122 S.Ct. 803 (2000).

**5/** Rule 11 provides in pertinent: "that before accepting a plea of guilty on contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term-----".

**6/** In the report and recommendation filed by Honorable Magistrate Judge Felix Recio, he concluded that petitioner's counseled and voluntary guilty plea waived any prior constitutional defects in the indictment is contrary to the conclusion reached in U.S. v. Meecham, 626 F.2d 503, 509 (5th Cir. 1980), U.S. v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999), U.S. v. Johnson, 194 F.3d 657 (5th Cir. 1999), U.S. v. Chappell, 6 F.3d 1095, 1099 (5th Cir. 1993), U.S. v. Angeles-Mascote, 206 F.3d 529, 532 (5th Cir. 2000).

———— § ————

Petitioner's guilty plea was based on the violation of 8 U.S.C. § 1326(b)(2) and petitioner was admonished by the district court during his guilty plea hearing that his violation of one count under 8 U.S.C. § 1326(b)(2) carried a maximum term of imprisonment of upto twenty (20) years.[7]

In **U.S. v. Johnson, 194 F.3d 657 (5th Cir. 1999),** the court outlined that a trial court can not accept a guilty plea under **Rule 11** of the Federal Rules of Criminal Procedure. The purpose of the **Rule** is to protect a defendant who pleads with an understanding of the charge without realizing that his conduct does not actually fall within the definition of the crime charged". **194 F.3d at 660.**

In **U.S. v. Antone, 753 F.2d 1301, 1305 (5th Cir. 1980),** the court outlined that the prosecution must present evidence to the subjective satisfaction of the district court that the defendant actually committed the offense to which he is pleading guilty.

In **U.S. v. Carter, 117 F.3d 262 (5th Cir. 1997),** the court stated "The factual basis must appear in the record and must be sufficiently specific to allow the court to determine if defendant's conduct was within the ambit of that defined as criminal". 117 F.3d at 264 [4-6], U.S. v. Adams, 961 F.2d 505, 508 (5th Cir. 1992), U.S. v. Armstrong, 951 F.2d 626, 629 (5th Cir. 1992).

foot note/
7/ District Court's admonishment of 20 years prison year during petitioner's guilty plea hearing was based on the violation of 8 U.S.C. § 1326(b)(2) which was not charged in the indictment, but the prosecution simply changed the violation of 8 U.S.C. § 1326(a) and § 1326(b) into 8 U.S.C. § 1326(b)(2) for the purpose of sentencing enhancement and the district court accepted such a construction of a federal statute without any fact finding process.

In the case of **U.S. v. Gobert, 139 F.3d 436 (5th Cir. 1998)**, the court stated "A court can not accept a guilty plea unless there is a sufficient factual basis for the plea. The factual basis must be evident in the record and must be sufficiently specific to allow the court to determine whether the defendant's conduct was within the statute's prohibition". 139 F.3d at 439 [4,5], **U.S. v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2000)**.

In petitioner's case, the court records reflect that the factual basis is not sufficiently established that petitioner committed a crime in violation of **8 U.S.C. § 1326(b)(2)** as the basis for the guilty plea while the indictment charges him in violation of **8 U.S.C. § 1326(a) and § 1326(b)**.

In this instance the district court relied on the erroneous representations made by the prosecution during petitioner's guilty plea and sentencing hearing and as a result, he was sentenced to eighty six (86) months in violation of **8 U.S.C. § 1326(b)(2)**.

The district court accepted prosecution's erroneous representations as being factual without the fact finding process and sentenced petitioner to eighty six (86) months of imprisonment.

### APPRENDI V. NEW JERSEY IS NOT APPLICABLE TO PETITIONER'S SENTENCING

**Apprendi v. New Jersey, 530 U.S. 466 (2000)** is not applicable to petitioner's sentencing while his sentencing is based on the violation of **8 U.S.C. § 1326(b)(2)** which does not exist in the indictment and therefore the element of the offense

is not established in petitioner's case. In **Apprendi v. New-Jersey**, 530 466 (2000) the element of the crime[8] is the essential factor to determine the punishment for a specific offense and such an element is missing in petitioner's case.

### CONCLUSION

For the foregoing reasons, the petitioner concludes that:

(1) The court records fail to establish any factual basis for the court to accept petitioner's guilty plea.

(2) The prosecution erroneously represented to the court that petitioner had violated 8 U.S.C. § 1326(b)(2) for the purpose of enhancing his sentence.

(3) Prosecution's erroneous representations to the court pertaining to violation of 8 U.S.C. § 1326(b)(2) are not supported by the court records.

(4) Petitioner was sentenced by the district court in violation of his due process guarantee.

Respectfully submitted,

Date: August 23, 2002

Place: Beaumont, Texas

Alfredo Quinones-Mondragon
#64201-079
FCC-Medium
Beaumont, Texas 77720

foot note/
8/ In the report and recommendation, Hon. Magistrate Judge Felix Recio has somehow construed that district court's imposition of sentence in violation of 8 U.S.C. § 1326(b)(2) was legal within Apprendi v. New-Jersey, knowing fully well that petitioner did not violate 8 U.S.C. § 1326(b)(2) and such a violation did not exist in the indictment. The conclusion reached by Hon. Magistrate Judge Felix Recio in this instance is contrary to the rulings held in U.S. V. Rogers, 228 F.3d 1318, 1327 (11th Cir. 2000), U.S. v. Promise, 225 F.3d 150, 156-157 (4th Cir. 2001), U.S. v. Nance, 236 F.3d 820, 826 (7th Cir. 2000), U.S. v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), U.S. v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000).

## CERTIFICATE OF SERVICE

I, Alfredo Quinones-Mondragon hereby declares that on August 23, 2002 AD, he sent a copy of the response to the report and recommendation of the Magistrate Judge, and the government's answer to the § 2255 petition filed to the district court, to the clerk of the court by certified mail number 7001 2510 0002 2783 9968, and a copy to the U.S. Attorney Office.

>
> Jeffery A. Babcock
> Assistant U.S. Attorney
> 600 E. Harrison St. #201
> Brownsville, Texas 78520

The undersigned affirms under penalty of perjury that the foregoing is true and correct.

Beaumont, Texas

August 23, 2002

by

_____
Alfredo Quinones-Mondragon