```
                                              United States District Court
         UNITED STATES DISTRICT COURT          Southern District of Texas
         SOUTHERN DISTRICT OF TEXAS                   ENTERED
            BROWNSVILLE DIVISION                   OCT 1 6 2002
```

| | | Michael N. Milby, Clerk of Court |
|---|---|---|
| ALFREDO QUINONES-MONDRAGON, | § | By Deputy Clerk |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-100 |
| | § | CRIMINAL NO. B-00-104-01 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Alfredo Quinones-Mondragon's "Request for a Certificate of Appealability" (Doc. #9). Petitioner's Application for a Certificate of Appealability (Doc. #9) should be DENIED for the following reasons.

### BACKGROUND

On March 23, 2000, Petitioner pleaded guilty in accordancd with a plea agreement to illegal reentry after deportation, 8 U.S.C. § 1326(a) & (b). Quinones-Mondragon had previously been convicted of felony possession of marijuana in Texas and a prior alien transportation conviction in the Southern District of Texas. Petitioner received a 16-level increase in his guideline score for his prior aggravated felonies. After adjustments, his guideline level was 21 and he possessed a criminal history level of VI. Therefore, the applicable imprisonment range was from seventy-seven (77) to ninety-six (96) months. On June 23, 2000, the District Court sentenced Petitioner to seventy (86) months incarceration to be followed by a three-year supervised release term.

Petitioner Quinones-Mondragon filed an appeal with the Fifth Circuit Court of Appeals. On March 9, 2001, mandate issued from the Fifth Circuit which affirmed Petitioner's conviction and sentence. See United States v. Quinones-Mondragon, No. 00-40738 (5th Cir. Feb. 15, 2001).

1

Petitioner also unsuccessfully sought a petition for writ of certiorari in the United States Supreme Court. On May 13, 2002, Petitioner filed a timely 28 U.S.C. § 2255 Application. Said writ was denied by written order on September 12, 2002. Petitioner now asks this Court for a Certificate of Appealability.

## ANALYSIS

The AEDPA converted the "certificate of probable cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a Certificate of Appealability ("CoA").[1] The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.[2] Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2254, a petitioner must obtain a CoA.[3] Under the AEDPA, appellate review of a habeas petition is limited to the issues on which a certificate of

---

[1] See Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); and Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC).

[2] See Robison v. Johnson, 151 F.3d 256, 259 n.2 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999); and Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997), cert. denied sub nom. Monroe v. Johnson, 523 U.S. 1041 (1998).

[3] See Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001), cert. denied, 122 S.Ct. 477 (2001); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d 232, 236 (5th Cir. 2000), cert. denied, 530 U.S. 1286 (2000); Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999); and 28 U.S.C. §2253(c)(2).

appealability ["CoA"] is granted.[4] A CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone.[5]

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[6] To make such a showing, the petitioner need not show that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.[7] This Court is authorized to address the propriety of granting a CoA *sua sponte*.[8]

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong.[9] In a case in

---

[4] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

[5] See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

[6] See Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d at 236; Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

[7] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d at 896; Soria v. Johnson, 207 F.3d at 236-37; Miller v. Johnson, 200 F.3d at 280; and Hicks v. Johnson, 186 F.3d at 636.

[8] Alexander v. Johnson, 211 F.3d at 898.

[9] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; and Rudd v. Johnson, 256 F.3d at 319.

which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> whether this Court was correct in its procedural ruling.[10]

Petitioner Quinones-Mondragon makes no valid claims that detail a denial of a constitutional right. Further, Petitioner Quinones-Mondragon can not show that the issues are debatable amongst reasonable jurists. He also can not prove that another court would have resolved any of the issues he raised in his § 2255 petition differently. Therefore, these proceedings should not proceed and Petitioner Quinones-Mondragon's Application for a Certificate of Appealability should be DENIED.

## RECOMMENDATION

For the above mentioned reasons, Petitioner's Application for a Certificate of Appealability (Doc. #9) should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[10] Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604 (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

court, provided that the party has been served with notice that such consequences will result from a failure to object.[11]

DONE at Brownsville, Texas, this 16th day of October, 2002.

Felix Recio
United States Magistrate Judge

---

[11] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALFREDO QUINONES-MONDRAGON, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-02-100 CRIMINAL NO. B-00-104-01 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Certificate of Appealability is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2002.

_____
Hilda Tagle
United States District Judge