12

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Courts
Southern District of Texas
FILED

NOV 2 0 2002

Michael N. Milby, Clerk

| | |
|---|---|
| Alfredo Quinones-Mondragon §<br>Petitioner §<br>§<br>§<br>vs. §<br>§<br>§<br>UNITED STATES OF AMERICA §<br>Respondent § | Civil Action No. B-02-100<br>Criminal No. B-00-104-01 |

## RESPONSE TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON THE ISSUE OF CERTIFICATE OF APPEALABILITY.

COMES NOW, PETITIONER Alfredo Quinones-Mondragon, pro-se, and responds to magistrate judge's report and recommendation on the issue of Certificate of Appealability.

### PROCEDURAL HISTORY OF THE CASE

On February 23, 2000, petitioner was indicted on one count in violation of 8 U.S.C. § 1326(a) and § 1326(b).

On March 23, 2000, petitioner pled guilty to one count of the indictment and on June 23, 2000, petitioner was sentenced to **eighty six (86)** months of imprisonment to be followed with thirty six (36) months of supervisory release and **$100.00** special assessment.

Petitioner appealed his conviction and sentence which was affirmed by the Fifth Circuit Court of Appeals on February 15, 2001.

On May 7, 2002, petitioner filed a petition pursuant to 28 U.S.C. § 2255 which was denied on September 12, 2002 and

1

thereafter, petitioner filed for a Certificate of Appealability.

## STATEMENT OF THE FACTS

The indictment charged petitioner in violation of **8 U.S.C. § 1326(a)** and **§ 1326(b)**.

The probation officer and the prosecution jointly changed the violation of **8 U.S.C. § 1326(a)** and **§ 1326(b)** into **8 U.S.C. § 1326(b)(2)** for the purpose of enhancing petitioner's sentence without providing any support for such an arbitrary construction of a federal statute. The district court accepted the violation of **8 U.S.C. § 1326(b)(2)** for sentencing enhancement purposes and sentenced petitioner to **eighty six (86)** months of incarceration.

Petitioner's **§** 2255 filing outlined the issues of, **(1)** Whether the indictment failed to charge the offense?, and **(2)** Whether sufficient factual evidence existed for the district court to accept the guilty plea?

## STANDARD OF REVIEW

A prisoner seeking release under **8 U.S.C. §** 2255 is restricted to narrow range of grounds. The cognizable claims enumerated in the statute are: **(1)** constitutional issues, **(2)** challenge to the district court's Jurisdiction to impose sentence, **(3)** challenge to the length of sentence in excess of the statutory maximum, and **(4)** claims that the sentence is otherwise subject to collateral attack.

Relief under **28 U.S.C. §** 2255 is reserved for transgressions of constitutional rights and for narrow range of injuries that could have been raised on direct appeal and would, if condoned,

result in a complete mis-carriage of justice. U.S. v. **Vaughn** 955 F.2d 367, 368 (5th Cir. 1992), U.S. v. Cervantes, 132 F.3d 1106 (5th Cir. 1998), Burke v. United States, 152 F.3d 1329, 1331-32 (11th Cir. 1998), U.S. v. Bokun, 73 F.3d 8, 12 (2nd Cir. 1995). A district court's technical application of the guidelines does not give rise to a constitutional issue cognizable under § 2255. U.S. v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994), Scott v. U.S. 997 F.2d 340, 343-43 (7th Cir. 1993), U.S. v. Schlesinger, 49 f.3d 483, 485-86 (9th Cir. 1994), Knight v. U.S., 37 F.3d 769, 772-74 (1st Cir. 1994). Further, a defendant may not raise an issue for the first time on collateral review without first showing cause for procedural default and actual prejudice resulting from the error. **U.S. v. Pierce, 959 F.2d** 1297, 1301 (5th Cir. 1992), U.S. v. Frady, 456 U.S. 152, 162-64, 167, 102 S.CT. 1584, 1591-93, 1594, 71 L.Ed.2d 816 (1982), Hilliard v. U.S., 157 F.3d 444, 447 (6th Cir. 1998), U.S. v. Willis, 273 F.3d 592 (5th Cir. 2001).

## THE ISSUES OUTLINED BY PETITIONER IN HIS § 2255 FILING CONSTITUTED TRANSGRESSION OF HIS CONSTITUTIONAL RIGHTS AND JURISDICTION EXERCISED BY THE DISTRICT COURT.

The issues outlined herein in **(1)** and **(2)** of petitioner's § 2255 filing constituted transgression of his constitutional rights and jurisdiction exercised by the district court in sentencing petitioner to **eighty six (86)** months of imprisonment.

In the issues raised by the petitioner, he has claimed that the indictment failed to charge an offense in his case, while the indictment charges him in violation of 8 U.S.C. § 1326(a) and

3

§ 1326(b) without specifying violation of any subsection either of § 1326(a) or § 1326(b). 8 U.S.C. § 1326(a) is comprised of § 1326(a)(1), and § 1326(a)(2) and whereby maximum penalty for violation § 1326(a)(2) is two years of imprisonment. 8 U.S.C. § 1326(b) is comprised of § 1326(b)(1), § 1326(b)(2), § 1326(b)(3) and § 1326(b)(4) for different sets of violations while 8 U.S.C. § 1326(b) in general refers to certain removed aliens whose removal was subsequent to a conviction for aggravated felony and such alien shall be fined or imprisonment of not more than twenty (20) years or both.

The indictment in petitioner's case has charged him in violation of 8 U.S.C. § 1326(a) and § 1326(b), and as a result, the indictment has failed to comply with the requirements of specificity outlined in Rule 7(c)(1) of the Federal Rules of Criminal Procedure and failure of the indictment to charge an offense with specificity has also violated petitioner's Fifth and Sixth Amendment rights protected within the constitution of the United States of America. See U.S. v. Foley, 73 F.3d 488 (2nd Cir. 1996), U.S. v. Gaytan, 74 F.3d 545, 551 (5th Cir. 1996), U.S. v. Cabrera-Teran, 168 F.3d 141 (5th Cir. 1999), U.S. v. Prentiss, 206 F.3d 960 (10th Cir. 2000).

Likewise, due to failure of the indictment to charge the offense in petitioner's case, no factual evidence existed for the district court to sentence petitioner and as a result, the district court lacked jurisdiction to sentence petitioner under such circumstances. See U.S. v. Johnson, 194 F.3d 657, 660 (5th Cir. 1999), U.S. v. Antone, 753 F.2d 1301, 1305 (5th Cir. 1980),

U.S. v. Carter, 117 F.3d 262, 264 (5th Cir. 1997), U.S. v. Gobert, 139 F.3d 436, 439 (5th Cir. 1998), U.S. v. Angeles-Mascote, 206 F.3d 529, 530 (5th Cir. 2000).

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IS BASED ON THE FACTS NOT FOUND IN PETITIONER'S § 2255 FILING.

The report and recommendation filed to the court on the issue of petitioner's request for a Certificate of Appealability is based on the facts not found in petitioner's § 2255 filing.

Honorable Magistrate Judge **Felix Recio** has completely either ignored or forgotten the facts outlined on the issues in **(1)** and **(2)** of the petition filed under § 2255. The issues outlined in **(1)** and **(2)** reach to the core of the constitutionality of the indictment's failure to fulfill the requirements of **Rule 7(c)(1)** of the Federal Rules of Criminal Procedure and likewise the issue of jurisdiction exercised by the district court in accepting petitioner's guilty plea and sentencing him to **eighty-six (86)** months of imprisonment.

Petitioner's challenges to the indictment and jurisdiction of the district court are precisely the type of claims that are cognizable within § 2255 filings.

The cases cited herein by Honorable Magistrate Judge **Felix Recio** equally fail to support the basis of his assertions in support of his report and recommendation seeking to deny petitioner's request for a Certificate of Appealability. The cases cited by Honorable Magistrate **Felix Recio** are more in line with petitioner's circumstances and support the issues of transgression of petitioner's constitutional rights and jurisdiction exercised by the district court in his case.

In the case of **Soria v. Johnson,** 207 **F.3d** 232 (5th **Cir.**
2000), the court stated "under the **AEDPA,** a petitioner must
obtain a **COA,** 28 **U.S.C.** § 2253(c)(2). A **COA** will be granted if
the petitioner makes a substantial showing of the denial of a
constitutional right, 28 **U.S.C.** § 2253 (c)(2). To make such a
showing, a petitioner must demonstrate that the issues are
debatable among jurists of reason, that a court resolve the
issues [in a different manner], ot that the questions are
adequate to deserve encouragement to proceed further". 207 **F.3d**
at 236-37 [1,2], **Barefoot v. Estelle,** 463 U.S. 880, 893 n.4,
103 S.Ct. 3383, 3394 n.4, 77 L.Ed.2d 1090 (1983).

In **Slack v. McDaniel,** 529 U.S. 473, 120 S.Ct. 1595, 146
L.Ed.2d 542 (2000), the court states "**First,** the right to appeal
is governed by the Certificate of Appealability (**COA**)
requirements now found at 28 **U.S.C.** § 2253(c).... **Second,** when
the district court denies a habeas petition on procedural grounds
without raching the prisoner's underlying constitutional claim, a
**COA** should issue (and an appeal of the district court's order
may be taken) if the prisoner shows, at least, that jurists of
reason would find it debatable whether the petitioner states a
valid claim of the denial a constitutional right, and that jurists
of reason would find it debatable whether the district court was
correct in its procedural ruling". **529 U.S. at 478.**

In **Lackey v. Johnson,** 116 **F.3d** 149 (5th **Cir. 1997),** the
court stated "A **COA** issues only if the petitioner makes a

substantial showing of the denial of a constitutional right".
§ 2255 (c)(2) 116 F.3d at 151 [1], Lamb v. Johnson, 179 F.3d 352,
356 (5th Cir. 1999), Alexander v. Johnson, 211 F.3d 895, 896
(5th Cir. 2000), Rudd v. Johnson, 256 F.3d 317, 319 [1-3] (5th
Cir. 2001).

## PETITIONER HAS ESTABLISHED SUBSTANTIAL SHOWING OF THE DENIAL OF HIS CONSTITUTIONAL RIGHTS.

In petitioner's filing of his § 2255 motion, he has
established substantial showing of the denial of his
constitutional rights pertaining to violation of his Fifth and
Sixth Amendment rights to the constitution of the United States
of America and lack of jurisdiction by the district court to
sentence petitioner on the basis of non-factual evidence.

The issues outlined herein reach to the core of the
constitutionality of the criminal process and are debatable among
jurists of reason, Soria v. Johnson, id. 237 and Barefoot id.
463 U.S. at 893 n.4.

In petitioner's case, the district court has denied his
§ 2255 motion without reaching any conclusion on the underlying
constitutional claims and therefore a COA should be issued so
an appeal of the district court's order may be taken and
jurists of reasons would find it debatable whether the district
court was correct in its ruling. id. 529 U.S. at 478.

7

## CONCLUSION

For the foregoing reasons, petitioner concludes that the issues outlined in his § 2255 motion pertain to transgression of his constitutional rights and he has established substantial showing of the denial of his constitutional rights in his case and therefore a Certificate of Appealability be issued to challenge the ruling of the district court on the constitutional violations.

Respectfully submitted,

Date: November 10, 2002

Place:  Beaumont, Texas

Alfredo Quinones-Mondragon
#64201-079
FCC-Medium
P.O. Box 26040
Beaumont, Texas 77720

## CERTIFICATE OF SERVICE

I, Alfredo Quinones-Mondragon hereby declares that on November 10, 2002 AD, he sent a copy of the Response to Magistrate Judge's Report and Recommendation on the issue of Certificate of Appealability to:

        Jeffery A. Babcock
        Assistant U.S. Attorney
        600 E. Harrison St. #201
        Brownsville, Texas 78520

The udersigned affirms under penalty of perjury that the foregoing is true and correct.

by

Beaumont, Texas               Alfredo Quinones-Mondragon

November 10, 2002