United States District Court
Southern District of Texas
FILED

JAN 3 1 2003

Michael N. Milby
Clerk of Court

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| Alfredo Quinones-Mondragon | § | |
| Petitioner | § | |
| | § | Civil Action No. B-02-100 |
| vs. | § | Criminal No. B-00-104-01 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |

MOTION FOR ENLARGEMENT OF TIME TO CONSIDER THE REQUEST
FOR A CERTIFICATE OF APPEALABILITY PURSUANT TO
28 U.S.C. § 2253(c)(2).

COMES NOW, appellant Alfredo Quinones-Mondragon, pro-se, and moves the honorable court of appeals to grant him enlargement of time to file his attached request for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2).

On September 13, 2002 the United States District Court for Brownsville, Texas issued an order denying petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255.

On September 23, 2002, petitioner filed a request for Certificate of Appealability to the U.S. District Court in Brownsville, Texas, and on November 13, 2002 the U.S. District Court in Brownsville, Texas denied petitioners request for the issue of a Certificate of Appealability.

While petitioner was attempting to file his brief to the the Appellate court for review, a riot broke out at the FCC-Medium, Beaumont, Texas, and the Warden locked down the institution for 20 days, disrupting petitioner's ability to submit his brief in a timely manner.

1

Additionally the law library was not opened for inmate use until January 6, 2003, and then only on a limited basis, causing difficulty in preparing legal work.

In addition, there have been following contributive factors that have caused further delays in completing appellant's filing.

### (1) APPELLANT WORKS FULL TIME AT F.C.I. BEAUMONT, TEXAS

Pursuant to the B.O.P. policy for incarcerated inmates, appellant works 154 hours per month and does his legal work after the work hours and as a result, he is not able to pay full attention to his legal work and thus causes delay to file a brief in a timely manner.

### (2) UNAVAILABILITY OF CERTAIN CASE LAWS

The Supreme Court cases prior to **350 U.S. Lawyer's Edition** and certain statutes are not available at the F.C.I. Beaumont law library and as a result, appellant is dependant on the outside people to help him with such cases and statutes.

In receiving such case laws and statutes from outside, it takes upto seven days after appellant has expressed such requirement on the telephone to a person outside and as a result, causes delay in submitting his legal work in a timely manner.

### (3) FINDING A TYPIST FOR LEGAL MATERIAL

To find a typist for one's legal work is a chore and a difficult job while only few steady typist are available and one has to wait few days to have his legal material typed on the manual typing machines.

## (4) DIFFICULTIES IN PHOTOCOPYING ONE'S LEGAL MATERIAL

Photocopying one's legal material is a complex process at F.C.I. Beaumont, Texas. The law library is equipped with a single page photocopying machine operated by copy cards.

Copy cards are sold at the commissary shop and a single copying card worth $5.70 allows 38 copies to be made provided the machine is working. Most of the time, the machine is either broken or extensively used by other inmates and as a result, one has to wait for a long time to make copies of one's legal material, provided one has sufficient copy cards and if not, one has to wait for one's commissary day which can be one week away and thus causes additional delays in filing one's brief in a timely manner.

## (5) MERITS OF THE ISSUES

In appellant's case, the issues raised by him in 1 and 2 reach to the core of constitutionality of judicial procedings and transgression of his constitutional rights by the district court during different phases of the proceedings.

The appellant is delayed in filing his brief within the time prescribed by federal statute, but considering the veracity of the facts required to present the issues in proper manner and appellant's limited resources within his circumstances, he could not complete it earlier than the time it took him.

In light of the foregoing facts, the appellant hereby humbly requests the honorable court of appeals to grant him the enlargement of time to consider his attached request for a Certificate of Appealability along with memorandum of law filed pursuant to 28 U.S.C. § 2253(c)(2).

Respectfully submitted,

*Alfredo Quinones-Mondragon*
#64201-079
FCC-Medium
P.O Box 26040
Beaumont, Texas 77720

Date: January 27, 2003

Place: Beaumont, Texas

## CERTIFICATE OF SERVICE

I, Alfredo Quoniones-Mondragon hereby declares that on January 27, 2003 AD, I sent a copy of the Motion For Enlargement of Time to Consider the issue of a Certificate of Appealability to:

Jeffery A. Babcock
Assistant U.S. Attorney
600 E. Harrison St. #201
Brownsville, Texas 78520

The undersigned affirms under penalty of perjury that the foregoing is true and correct.

by
*Alfredo Quoninoes-Mondragon*

Date: Janaury 27, 2003

Place: Beaumont, Texas